UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| **AMIRA MORGAN,**<br><br>*Plaintiff,*<br><br>vs.<br><br>**SOUTHERN NEW HAMPSHIRE UNIVERSITY,** *and* **LAUNCH SERVICING, LLC,**<br><br>*Defendants.* | CASE NO.: 1:24-cv-00005<br><br>**COMPLAINT AND DEMAND FOR JURY TRIAL** |

**COMPLAINT AND DEMAND FOR JURY TRIAL**

COMES NOW the Plaintiff, Amira Morgan ("Ms. Morgan"), by and through her attorneys, Seraph Legal, P.A., and complains of the Defendants, Southern New Hampshire University Corp. ("SNHU"), and Launch Servicing, LLC ("Launch Servicing"), (jointly, the "Defendants"), stating as follows:

**PRELIMINARY STATEMENT**

1.    This is an action by Ms. Morgan against SNHU only for violations of the Truth in Lending Act, 15 U.S.C. § 1601, *et seq.* ("TILA"), Regulation Z, 12 C.F.R. § 1026, *et seq.*, Indiana's Deceptive Consumer Sales Act, Ind. Code § 24-5-0.5-0.1, *et seq.* ("IDCSA"), and for Fraud under Ind. Code § 35-43-5-4, against both Defendants for violations of Indiana's Uniform Consumer Credit Code, Ind. Code § 24-4.5-7-101, *et seq.* ("IUCCC").

**JURISDICTION AND VENUE**

2.    Subject matter jurisdiction for Plaintiff's TILA claims arise under 28 U.S.C. § 1331, as TILA is a federal statute.

3. This Court has supplemental jurisdiction over Plaintiff's state law claims under 28 U.S.C. § 1367.

4. The Defendants are subject to the jurisdiction of this Court pursuant Ind. Trial R. 4.4 and Fed. R. Civ. P. 4(k).

5. Venue is proper in the Southern District of Indiana pursuant to 28 U.S.C. § 1391(b)(2), because a substantial part of the acts complained of were committed and/or caused by the Defendants within the Southern District of Indiana.

## PARTIES

6. Ms. Morgan is a natural person currently residing in Evansville, Indiana.

7. SNHU is a New Hampshire corporation with a principal address of 2500 N. River Rd, Manchester, NH, 03106.

8. SNHU's Indiana Registered Agent is Corporation Service Company, North Pennsylvania Street, Suite 1610, Indianapolis, IN, 46204.

9. SNHU is the successor-in-interest to the previous for-profit corporation, Kenzie Academy, Inc. ("Kenzie Academy"), which was incorporated in the State of Delaware with its principal place of business in Indianapolis, Indiana.

10. Kenzie Academy was originally registered in the State of Indiana on or about June 13, 2017. Kenzie Academy had its Certificate of Authority revoked on or about March 5, 2022.

11. Southern New Hampshire University registered to do business in the State of Indiana on or about March 31, 2021, as a foreign nonprofit corporation.

12. Launch Servicing is a Delaware limited liability company with a principal address of 402 W. Broadway, 20th Fl., San Diego, CA 92101.

13. Launch Servicing is registered to conduct business in the State of Indiana, where its registered agent is National Registered Agents, Inc., 334 North Senate Avenue, Indianapolis, IN, 46204.

14. Launch Servicing is a furnisher of information to the "big three" consumer reporting agencies, Experian, Equifax, and Trans Union.

## FACTUAL ALLEGATIONS

### Ms. Morgan's Income Share Agreement

15. Ms. Morgan was a student at Kenzie Academy in 2020.

16. While attending Kenzie Academy, Ms. Morgan resided in Columbus, Indiana.

17. Kenzie Academy billed itself as an online "trade school" – a school which students could obtain certain specialized certifications online.

18. Ms. Morgan enrolled at Kenzie Academy for the purpose of obtaining an educational certification.

19. Kenzie Academy offered its students the ability to finance their education through income share agreements ("ISAs") – a financing mechanism whereby Kenzie Academy received a portion of the student's income following the completion of their education program.

20. Ms. Morgan entered into an income share agreement with Kenzie Academy on or about May 28, 2020. **SEE PLAINTIFF'S EXHIBIT A.**

21. Ms. Morgan's ISA states prominently, at the top "THIS IS NOT A LOAN OR CREDIT."

22. Ms. Morgan's ISA states that the costs of the services Ms. Morgan would receive through this ISA were $23,900.00.

23. The full $23,900 was applied to cover Ms. Morgan's tuition at Kenzie Academy.

24. To cover these "costs of services," Ms. Morgan was required to "share" 13% of her gross monthly income with Kenzie Academy, which "sharing" would continue for 48 payments, for 96 months, or until $41,825.00 had been paid by Ms. Morgan.

25. The ISA provided for a deferment period of three months following Ms. Morgan's enrollment, after which payments would begin.

26. On November 6, 2020, Ms. Morgan and Kenzie Academy adjusted the terms of the Income Share Agreement, (the "Adjusted ISA"). **SEE PLAINTIFF'S EXHIBIT B.**

27. The Adjusted ISA Terms stated the ISA Amount was $11,950.00. *Id.*

28. To cover the "costs of services" on the Adjusted ISA, Ms. Morgan was required to "share" 13% of her gross monthly income with Kenzie Academy, which "sharing" would continue for 24 payments, or until $20,912.00 had been paid by Ms. Morgan. *Id.*

29. To date, Ms. Morgan has paid over $11,500.00 towards her ISA.

30. SNHU purchased Kenzie Academy in March 2021, to take on their software engineering, user experience design, and business-to-business programs.

31. SNHU is thus the successor-in-interest to Kenzie Academy.

### Launch Servicing's Servicing of the ISA

32. In or around May 2020, Ms. Morgan's ISA was assigned to Launch Servicing for loan servicing.

33. Launch Servicing thereafter begin reporting Ms. Morgan's ISA to each of Experian, Equifax and Trans Union, monthly.

34. Launch Servicing reported the ISA as an *education loan*.

35. In May 2023, Launch Servicing reported the ISA with a past due balance of $19,228.

36. Per the ISA Agreement, Ms. Morgan would only be responsible for payments if her salary exceeded $3,333.34 per month or $40,000 per year.

37. Ms. Morgan also would not be responsible for payments during months which she was enrolled at least half-time in higher education or training.

38. Launch Servicing's reporting was thus false, as the ISA does not have a balance which Ms. Morgan paid over time, but instead was contingent on Ms. Morgan's salary and employment status.

39. Launch Servicing failed to report the ISA as a contingent repayment.

40. Launch Servicing's reporting of the ISA makes clear that Launch Servicing, and SNHU, viewed the ISA as a traditional loan which Ms. Morgan was to pay over time, instead of a contingent income share agreement.

41. Launch Servicing's inaccurate reporting of the ISA affected Ms. Morgan's debt to income ratios, therefore causing Ms. Morgan damage to her credit history and affecting her ability to apply for and obtain credit.

42. Launch Servicing also reported that Ms. Morgan's ISA had no balance, while having $19,228.00 past due as of May 2023. **SEE PLAINTIFF'S EXHIBIT C**.

43. Intuitively, an account cannot simultaneously carry a Balance of $0, with a $0 Scheduled Payment, and have $19,228.00 past due.

44. Based on Launch Servicing's reporting, Experian lists the Launch Servicing tradeline as "Potentially Negative," therefore causing damage to Ms. Morgan's credit history and scores. *Id.*

**The ISA Amounts to a Private Education Loan**

45. While Kenzie Academy claimed in bold lettering that Ms. Morgan's ISA was not a loan, the Consumer Financial Protection Bureau ("CFPB") and other state equivalent agencies have found that these sorts of agreements are "loans" as defined by federal and state statutes and regulations.

46. In January 2022, the CFPB updated its examination procedures for private student lending to explicitly reference ISAs.

47. In March 2022, the U.S. Department of Education (specifically, the Office of Postsecondary Education) reminded all colleges and other entities involved in recommending, promoting, or endorsing private education loan products that they must comply with existing consumer protection requirements for preferred lender arrangements established under the Higher Education Act.

48. From the U.S. Department of Education's perspective, as of March 2022 through today, ISAs used to finance expenses for postsecondary education are considered private education loans for the purposes of the Department's rules on preferred lender arrangements. 20 U.S.C. § 1019.

49. Indeed, the ISA provided Ms. Morgan with funds to cover the expenses of post-secondary education, which she was then required to repay, plus interest.

50. The ISA thus amounts to a private education loan under TILA, 15 USC § 1650(a)(8), because it is "an extension of credit that …[i]s extended to a consumer expressly, in whole or in part, for postsecondary educational expenses, regardless of whether the loan is provided by the educational institution that the student attends" and are "not made, insured, or

guaranteed under title IV of the Higher Education Act of 1965 (20 U.S.C. § 1070 et seq.)" 12 C.F.R. § 1026.46(b)(5).

51. SNHU and Launch Servicing are "private educational lenders" under TILA, 15 U.S.C. § 1650(a)(7)(C), because they are each "engaged in the business of soliciting, making, or extending private education loans."

52. The Defendants' efforts to collect the total Payment Cap, as if it were a balance on a traditional loan, make clear that the Defendants viewed Ms. Morgan's ISA as a loan of money, and not a contingent investment in Ms. Morgan.

53. On information and belief, Kenzie Academy styled its education loans as ISAs in an attempt to avoid state usury laws, and other lending regulations.

54. Paying a total of $20,912 over a two-year period, on a loan with a principal of $11,950.00, equates to an Annual Percentage Rate exceeding 30% - rates deemed illegal in most states.

55. Likewise, a majority of states, including Indiana, where Kenzie Academy was domiciled, require a license to issue and collect a loan.

56. Kenzie Academy failed to obtain any such license, and thus had no legal ability to make a loan to Ms. Morgan.

57. Indiana also requires loan servicers, such as Launch Servicing, to obtain a license.

58. Launch Servicing failed to obtain any such license, and thus had no legal ability to collect Ms. Morgan's ISA.

59. Ms. Morgan's ISA was thus void under Indiana law.

60. Because Plaintiff is entitled to a refund, she hereby formally demands a refund of all amounts paid towards the ISA, pursuant to Ind. Code § 24-4.5-5-202(4) in the amount of $18,590.06.

61. Ms. Morgan suffered severe emotional distress in being subjected to illegal collection actions by the Defendants over an unlawful debt which she, pursuant to Indiana law, does not owe.

62. Ms. Morgan has also suffered significant emotional distress upon learning that Kenzie Academy did not have the legal authority to issue the ISA to her, nor Launch Servicing the ability to service it.

63. Ms. Morgan has suffered considerable stress and anxiety and exhausted valuable time and energy in her many attempts to resolve this issue within Launch Servicing's online portal.

64. Ms. Morgan has hired the aforementioned law firm to represent her in this matter and has assigned her right to fees and costs to such firm.

## COUNT I
## VIOLATION OF TILA - 15 U.S.C. § 1650(E)
## SNHU ONLY

65. Ms. Morgan adopts and incorporates paragraphs 1 – 64 as if fully stated herein.

66. TILA prohibits "private educational lenders" from "impos[ing] a fee or penalty on a borrower for early repayment or prepayment of any private education loan." 15 U.S.C. § 1650(e).

67. Ms. Morgan's ISA calculated the Payment Cap as 1.75x the ISA Amount.

68. Ms. Morgan could only prepay the ISA by paying the Payment Cap, not the ISA Amount, plus a growth component.

69. The Payment Cap thus amounts to a prepayment penalty on a private education loan in violation of 15 U.S.C. § 1650(e).

**WHEREFORE**, Ms. Morgan respectfully requests this Honorable Court enter judgment against SNHU, ordering:

a. Damages of twice the finance charge, pursuant to 15 U.S.C. § 1640(a)(2)(A)(i), or Ms. Morgan's actual damages, whichever are greater;

b. Reasonable costs and attorneys' fees pursuant to 15 U.S.C. § 1640(a)(3); and

c. Such other relief that this Court deems just and proper.

## COUNT II
## VIOLATIONS OF REGULATION Z
## SNHU ONLY

70. Ms. Morgan adopts and incorporates paragraphs 1 – 64 as if fully stated herein.

71. Ms. Morgan's ISA provided her with the ability to defer payment of her tuition at Kenzie Academy.

72. Ms. Morgan's ISA therefore meets the definition of "Credit" under Regulation Z, 12 C.F.R. § 1026.2(a)(14).

73. Ms. Morgan's ISA was extended to her for the purpose of covering her tuition at Kenzie Academy – postsecondary education.

74. Ms. Morgan's ISA was therefore a "private education loan" under Regulation Z, 12 C.F.R. § 1026.46(b)(5).

75. 12 C.F.R. § 1026.18(b) requires creditors to disclose the amount financed, using that term.

76. 12 C.F.R. § 1026.18(d) requires creditors to disclose the finance charge, using that term.

77. 12 C.F.R. § 1026.18(e) requires creditors to disclose the annual percentage rate, using that term.

78. 12 C.F.R. § 1026.47(a)-(b) requires the creditor of a private education loan to disclose, on or with a solicitation or an application for a private education loan, a statement that if the consumer files for bankruptcy, the consumer may still be required to pay back the loan.

79. Ms. Morgan's ISA did not contain *any* of the disclosures required by 12 C.F.R. §§ 1026.18(b), (d) and (e), and 12 C.F.R. § 1026.47(a)(3)(iv).

80. SNHU is the successor in interest to Kenzie Academy, and thus violated Regulation Z.

**WHEREFORE**, Ms. Morgan respectfully requests this Honorable Court enter judgment against SNHU, ordering:

    a. Damages of twice the finance charge, pursuant to 15 U.S.C. § 1640(a)(2)(A)(i), or Ms. Morgan's actual damages, whichever are greater;

    b. Reasonable costs and attorneys' fees pursuant to 15 U.S.C. § 1640(a)(3); and

    c. Such other relief that this Court deems just and proper.

## COUNT III
## VIOLATIONS OF THE IUCCC, IND. CODE § 24-4.5-3-502
## SNHU ONLY

81. Ms. Morgan adopts and incorporates paragraphs 1 – 64 as if fully stated herein.

82. Ms. Morgan's ISA involved the creation of a debt by Kenzie Academy by virtue of Kenzie Academy's agreement to pay Ms. Morgan's tuition.

83. Ms. Morgan's ISA thus meets the definition of a "loan" under Ind. Code § 24-4.5-3-106.

84. Ms. Morgan's ISA also meets the definition of a "consumer loan" under Ind. Code § 24-4.5-1-301.5, as:

    a. Ms. Morgan is not an organization;

      b.      Ms. Morgan utilized the funds from the ISA for her personal education;

      c.      The ISA contained a finance charge and was payable in installments; and,

      d.      The principal of the ISA, the "ISA Amount," did not exceed the exempt threshold amount.

85.    Ind. Code § 24-4.5-3-502 requires that any person engaged in the making of consumer loans obtain a license.

86.    SNHU failed to obtain any such license.

87.    Ms. Morgan's ISA was thus void under Indiana Law. Ind. Code § 24-4.5-5-202(2).

**WHEREFORE**, Ms. Morgan respectfully requests this Honorable Court enter judgment against SNHU, ordering:

      a.      Damages of all amounts paid by Ms. Morgan towards the void ISA, pursuant to Ind. Code § 24-4.5-5-202;

      b.      Additional damages of up to ten times the amount of the excess charge for SNHU's failure to issue a refund to Ms. Morgan, pursuant to Ind. Code § 24-4.5-5-202;

      c.      Reasonable costs and attorneys' fees pursuant to Ind. Code § 24-4.5-5-202(8); and,

      d.      Such other relief that this Court deems just and proper.

### COUNT IV
### VIOLATIONS OF THE IUCCC, IND. CODE § 24-4.5-3-502
### LAUNCH SERVICING ONLY

88.    Ms. Morgan adopts and incorporates paragraphs 1 – 64 and 82 – 84 as if fully stated herein.

89. Launch Servicing received an assignment of Ms. Morgan's ISA from Kenzie Academy.

90. Launch Servicing was therefore required to obtain a license pursuant to Ind. Code § 24-4.5-3-502.

91. Launch Servicing failed to obtain any such license, and therefore had no legal ability to service Ms. Morgan's ISA.

**WHEREFORE**, Ms. Morgan respectfully requests this Honorable Court enter judgment against Launch Servicing, ordering:

   a. Damages of all amounts paid by Ms. Morgan towards the void ISA, pursuant to Ind. Code § 24-4.5-5-202;

   b. Additional damages of up to ten times the amount of the excess charge for SNHU's failure to issue a refund to Ms. Morgan, pursuant to Ind. Code § 24-4.5-5-202;

   c. Reasonable costs and attorneys' fees pursuant to Ind. Code § 24-4.5-5-202; and,

   d. Such other relief that this Court deems just and proper.

### COUNT V
### VIOLATIONS OF THE IUCCC, IND. CODE § 24-4.5-3-202
### LAUNCH SERVICING AND SNHU

92. Ms. Morgan adopts and incorporates paragraphs 1 – 64 and 82-84 as if fully stated herein.

93. Ind. Code § 24-4.5-3-201(1) provides that "with respect to a consumer loan, a lender may contract for a loan finance charge, calculated according to the actuarial method, not exceeding twenty-five percent (25%) per year on the unpaid balances of the principal."

94. Ind. Code § 24-4.5-3-202 provides the only permissible fees in addition to the loan finance charge.

**WHEREFORE**, Ms. Morgan respectfully requests this Honorable Court enter judgment against the SNHU and Launch Servicing, ordering:

    a. Damages of all amounts paid by Ms. Morgan towards the void ISA, pursuant to Ind. Code § 24-4.5-5-202;

    b. Reasonable costs and attorneys' fees pursuant to Ind. Code § 24-4.5-5-202; and,

    c. Such other relief that this Court deems just and proper.

### COUNT VI
### FRAUD IN VIOLATION OF IND. CODE § 35-43-5-4
### SNHU ONLY

95. Ms. Morgan adopts and incorporates paragraphs 1 – 64 as if fully stated herein.

96. Kenzie Academy committed criminal fraud by knowingly or intentionally (a) making a false or misleading statement and/or (b) by creating a false impression in Ms. Morgan with the intent to obtain property – specifically U.S. currency – to which they were not entitled.

97. Specifically, Kenzie Academy knowingly or intentionally represented that Ms. Morgan's ISA was not a loan and that SNHU and Launch Servicing had the legal authority to issue and collect the ISA, when they were not licensed to do so.

98. SNHU is the successor in interest to Kenzie Academy, and is thus liable for the above conduct.

**WHEREFORE**, Ms. Morgan respectfully requests this Honorable Court enter judgment against SNHU, ordering:

    a. Treble damages pursuant to Ind. Code § 34-24-3-1(1);

      b.      Reasonable costs and attorneys' fees pursuant to Ind. Code §§ 34-24-3-1(2) & (3);

      c.      Such other relief that this Court deems just and proper.

## COUNT VII
## VIOLATION OF THE IDCSA, IND. CODE § 35-43-5-4
## SNHU ONLY

99.    Ms. Morgan adopts and incorporates paragraphs 1 – 64 as if fully stated herein.

100.    Kenzie Academy provided a service to Ms. Morgan in the form of post-secondary education.

101.    Kenzie Academy solicited these services by offering to pay tuition via an ISA.

102.    Ms. Morgan's execution of the ISA to cover her tuition at Kenzie Academy thus amounts to a "Consumer transaction" pursuant to Ind. Code § 24-5-0.5-2.

103.    Kenzie Academy provides both the education and income share agreements for funding.

104.    Kenzie Academy thus amounts to a "supplier" pursuant to Ind. Code § 24-5-0.5-2.

105.    Kenzie Academy committed an unfair and deceptive act by falsely asserting that Ms. Morgan's ISA was not a loan, and that SNHU and Launch Servicing had the legal authority to issue and collect the ISA, when they were not licensed to do so.

106.    Ms. Morgan relied on Kenzie Academy's deceptive act in entering into the ISA and enrolling at Kenzie Academy.

107.    Kenzie Academy's conduct was willful and intentional, as Kenzie Academy utilized ISAs in an attempt to avoid state lending and usury laws.

108.  SNHU is the successor in interest to Kenzie Academy, and is thus liable for the above conduct.

**WHEREFORE**, Ms. Morgan respectfully requests this Honorable Court enter judgment against SNHU, ordering:

a.  Treble damages pursuant to Ind. Code § 24-5-0.5-4(a)(1);

b.  Statutory damages of $1000 pursuant to Ind. Code § 24-5-0.5-4(a)(2);

c.  Reasonable costs and attorneys' fees pursuant to Ind. Code § 24-5-0.5-4(a)(2); and,

d.  Such other relief that this Court deems just and proper.

## DEMAND FOR JURY TRIAL

Ms. Morgan hereby demands a jury trial on all issues so triable.

Respectfully submitted this January 2, 2024, by:

**SERAPH LEGAL, P. A.**

*/s/ Bryan J. Geiger*
Bryan J. Geiger, Esq.
Florida Bar No.: 118103
BGeiger@SeraphLegal.com
2124 W. Kennedy Blvd., Suite A
Tampa, FL 33606
Tel: 813-567-1230
Fax: 855-500-0705

*/s/ Christian E. Cok*
Christian E. Cok, Esq.
Florida Bar No.: 1032167
CCok@SeraphLegal.com
Tel: 813-567-1230 (ext. 307)

*Counsel for Plaintiff*

**ATTACHED EXHIBIT LIST**
A. Ms. Morgan's Income Share Agreement
B. Ms. Morgan's Income Share Agreement Adjusted Terms – November 6, 2020
C. Experian Report – Excerpts – November 17, 2023